UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRELL JONES EILAND, | |
| Plaintiff, | |
| v. | Case No. 22-cv-00300 |
| TRANS UNION, LLC, et al., | Judge Martha M. Pacold |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Tyrell Jones Eiland filed this suit *pro se* against Trans Union, LLC;[1] Peter Henn, President and Chief Executive Officer of Mercedes-Benz Financial Services USA LLC; and Tom Stanley, President and General Manager of Mercedes-Benz Manhattan, Inc.[2] [8] at 1–2.[3] Plaintiff alleges that Mercedes denied him credit because of information on his credit report supplied by Trans Union. *Id.* at 4. Plaintiff claims that Trans Union and Mercedes Benz violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and 42 U.S.C. § 1983. [8] at 3.

      Before the court are Henn's motion to dismiss [20][4] and plaintiff's motion for emergency judicial intervention [28].[5] For the reasons explained below, Henn's motion to dismiss [20] is granted. Plaintiff's complaint is dismissed without

---

[1] The complaint named Chris Cartwright, President of Trans Union, LLC as a defendant. [8]. On August 8, 2023, the court granted a motion substituting Trans Union, LLC for Chris Cartwright. [40]. The court will therefore refer to defendant as Trans Union, in place of Chris Cartwright.

[2] Tom Stanley was named as a defendant in the complaint, but it does not appear he was served in this case, and plaintiff has otherwise failed to prosecute his case with regard to Tom Stanley.

[3] Bracketed numbers refer to docket entries and are followed by page and / or paragraph numbers. Page numbers refer to the CM/ECF page number.

[4] On August 8, 2023, the court granted Trans Union's motion to join the motion to dismiss. [40].

[5] Defendant Henn's motion to dismiss is also brought by Mercedes-Benz Financial Services USA LLC ("Mercedes"). *See* [20] at 1; [20-1] at 1. The court does not treat Mercedes as a defendant (except in the alternative) because it is not named as a defendant in plaintiff's complaint.

prejudice for failure to state a claim on which relief can be granted. Plaintiff's request for emergency judicial intervention [28] is denied. If plaintiff believes he can address the issues identified in this order, plaintiff may submit an amended complaint by April 22, 2024. Failure to do so will result in dismissal of this case.

## BACKGROUND

The entirety of plaintiff's factual allegations in the complaint is as follows:

> Transunion neglected to correct errors on plaintiff's credit report after supplemental information was submitted for negative trade lines to be removed. Transunion failed to verify negative information in a timely manner. Mercedes Benz used information furnished by Transunion and denied credit and refused to re[-]evaluate [their] credit decision based on documentation provided by plaintiff to support [plaintiff's] request.

[8] at 4.

Plaintiff asserts additional facts in his response to Henn's motion to dismiss. *See* [27] at 2–3. The court considers these allegations to the extent they are consistent with the claims in the complaint. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015). In his response, plaintiff alleges that Trans Union failed to remove information "that had not been verified as accurate," as well as a medical collection tradeline that did not belong to him. [27] at 2. According to plaintiff, Trans Union refused to remove this information, even after plaintiff supplied information "to support the correction and removal." *Id.* Plaintiff alleges that Trans Union's refusal led to "a low credit score, misinformation to lenders, and several credit denials." *Id.* at 2–3. Plaintiff also asserts that documentation surrounding Mercedes's denial of credit "has been submitted to this Court and reflects the reasons for the denial." [34] at 1–2. However, plaintiff has not specified which documents he is referencing, and the court is not aware of any documents that fit this description.

Plaintiff alleges violations of 42 U.S.C. § 1983 and the FCRA. [8] at 3.[6]

---

[6] For the sake of completeness, the court notes that plaintiff also cites 15 U.S.C. § 1687a(f). [8] at 3. As Henn notes, that provision does not exist. [20-1] at 5. If plaintiff intended to cite 15 U.S.C. § 1681a(f) (the definition of a "consumer reporting agency"), that provision does not provide a cause of action. But this failure is not dispositive of plaintiff's claim, as plaintiff was not required to plead legal theories to survive a motion to dismiss. *See, e.g.*, *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012).

### DISCUSSION

A plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365–66 (7th Cir. 2018) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 does "not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (internal quotation marks omitted). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (second alteration in original) (quoting *Twombly*, 550 U.S. at 557). The court "accept[s] as true all factual allegations in the complaint and draw[s] all permissible inferences in plaintiff['s] favor." *Boucher*, 880 F.3d at 365.

The court construes plaintiff's *pro se* complaint liberally and holds it to a less "stringent standard[] than [a] formal pleading[] drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[F]ederal pleading standards do not 'demand that complaints contain all legal elements (or factors) plus facts corresponding to each.'" *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022) (quoting *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017)); *see also Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). "[C]ourts are supposed to analyze a litigant's claims and not just the legal theories that he propounds—especially when he is litigating pro se." *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citations omitted).

### I. Failure to State a Claim

Even if plaintiff had properly named Mercedes as a defendant, plaintiff's complaint fails to state a claim against both Mercedes and Trans Union under § 1983 and the FCRA.

#### A. 42 U.S.C. § 1983

Plaintiff cites 42 U.S.C. § 1983 in his complaint, [8] at 3, but he alleges no facts to support a claim under it. "[Section] 1983 provides a remedy only for the

violation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *McCready v. White*, 417 F.3d 700, 703 (7th Cir. 2005) (quoting 42 U.S.C. § 1983). Private actors may not be sued under § 1983 unless they act under the color of state law. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Trans Union and Mercedes are private actors, and plaintiff does not allege any facts indicating that they acted under the color of state law. Thus, plaintiff has failed to state a claim against any defendant for a § 1983 violation.

### B. FCRA

#### 1. Mercedes

Plaintiff alleges that Mercedes is a user of consumer reports under the FCRA. [8] at 4. 15 U.S.C. § 1681m(a) sets forth duties of users that take adverse actions on the basis of information contained in consumer reports.

According to plaintiff, Mercedes failed to reconsider its denial of credit in light of the information he supplied to it. Users of consumer reports have an obligation to notify consumers of their right "to dispute . . . *with a consumer reporting agency* the accuracy or completeness of any information in a consumer report." *Id.* § 1681m(a)(4)(B) (emphasis added). But § 1681m does not require users of consumer reports to reevaluate their decisions when informed of alleged inaccuracies. Plaintiff alleges no facts to support a plausible claim that Mercedes, as a user of a consumer report, violated any of its obligations under § 1681m. And even if he had, there is no private cause of action for violations of § 1681m. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 619 (7th Cir. 2007); *see* 15 U.S.C. § 1681m(h)(8)(A). Accordingly, plaintiff's complaint does not plausibly allege a FCRA violation by Mercedes.

#### 2. Trans Union

Plaintiff alleges that Trans Union, a credit reporting agency, (1) "neglected to correct errors" on his credit report, and (2) "failed to verify negative information in a timely manner." [8] at 4. Plaintiff claims violations of two provisions of the FCRA that apply to credit reporting agencies. He claims that (1) Trans Union failed to follow reasonable procedures to assure maximum possible accuracy of his report under 15 U.S.C. § 1681e(b), and (2) Trans Union failed to reasonably investigate a dispute under 15 U.S.C. § 1681i(a)(1)(A). Both provisions require plaintiff to plead, among other things, that his credit report contained inaccuracies. *Hupfauer v. Citibank, N.A.*, No. 16-cv-475, 2016 WL 4506798, at *3 (N.D. Ill. Aug. 19, 2016); *see*

4

*also Johnson v. Trans Union, LLC*, 524 F. App'x 268, 270 (7th Cir. 2013) (summary judgment stage).

Plaintiff's complaint does not meet this standard. Plaintiff repeatedly states that Trans Union included inaccurate information on his credit report, yet he fails to allege the inaccuracies. *See, e.g.*, [8] at 4 ("Transunion neglected to correct errors . . . ."); [27] at 2 ("Plaintiff made repeated contact with Defendant . . . to support the correction and removal of erroneous information . . . ."); *id.* at 2–3 ("Defendant provided potential lenders with inaccurate information . . . ."). His claim against Trans Union fails "for a very basic reason: [he] has not described [the inaccuracies] in clear and succinct terms." *Bey v. Citibank, N.A.*, No. 20-cv-5211, 2021 WL 1853231, at *3 (N.D. Ill. May 10, 2021). Failure to state the inaccuracies deprives Trans Union of fair notice of the claims against it. *See Twombly*, 550 U.S. at 555; *Weeks v. Credit One Bank*, No. 20-cv-0836, 2021 WL 1171708, at *3 (E.D. Wis. Mar. 29, 2021).

Plaintiff added allegations (in response to the motion to dismiss) that "a medical collection trade line" should not have been on his credit report, which resulted in "a low credit score, misinformation to lenders, and several credit denials." [27] at 2–3. But even so, plaintiff still has not alleged sufficient facts to give Trans Union fair notice. For example, plaintiff has not alleged facts indicating how or why Trans Union's report was inaccurate, when or how plaintiff brought the allegedly inaccurate information to Trans Union's attention, how Trans Union did or did not respond to plaintiff's dispute, and how Trans Union's investigation of the issue was unreasonable. *See Garrison v. LVNV Funding LLC*, 528 F. Supp. 3d 977, 980–81 (E.D. Wis. 2021) ("Plaintiff relies entirely on conclusory allegations, while alleging no facts indicating *when or how* she disputed the inaccurate information, *when* she lodged her dispute, *what* she purportedly disputed, *when or how* Defendants responded or failed to respond to the dispute, and *how* Defendants' investigation was unreasonable." (emphasis in original)). Among other things, plaintiff fails to put Trans Union on notice of the reasons for Mercedes's denial of credit, the identity of the other unidentified lenders, or the date of any credit denial. In other words, plaintiff's allegations are threadbare, as they provide only conclusory allegations.

At times, plaintiff appears to imply that it is Trans Union's role to fill in these gaps. [27] at 1 ("Defendants cite no valid authority to support the proposition that these or any other supposedly missing ingredients are, in fact, required in the Plaintiff's Complaint."). But it is plaintiff's burden—not Trans Union's—to provide fair notice of his claims. *See Boucher*, 880 F.3d at 365–66. Plaintiff has not met his burden. Thus, plaintiff has failed to state a FCRA claim against Trans Union.

5

## II.   Motion for Emergency Judicial Intervention

Trans Union[7] answered plaintiff's complaint on August 30, 2022. [25]. In response, plaintiff filed a motion for emergency judicial intervention. [28]. Plaintiff alleges that Trans Union improperly engaged him in discovery, and he seeks various forms of relief to halt it. *Id.*

Plaintiff's motion contends that Trans Union initiated discovery while the motion to dismiss was pending instead of answering his complaint and his "filing." *Id.* at 1. Plaintiff considers this improper and perceives Trans Union's actions as an attempt to intimidate and overwhelm him. *See id.* Accordingly, plaintiff requested that "this Court grant plaintiff's request for counsel in the matter, admonish Defendant[']s counsel to refrain from behaviors that could be interpreted as unethical, and answer the complaint and plaintiff's response without further delay or face punitive actions." *Id.* at 2.[8] The court construes plaintiff's motion as requesting (1) sanctions against Trans Union's counsel, (2) a protective order staying discovery, and (3) a motion for attorney representation. Because plaintiff's complaint is dismissed as discussed above, there is no operative complaint to frame discovery, so the court denies as moot plaintiff's motion for a protective order to stay discovery. Accordingly, the court addresses only plaintiff's motions for sanctions and attorney representation.

### A.   Sanctions

Plaintiff's motion for sanctions is denied for several reasons.

First, plaintiff's allegation that Trans Union failed to answer the complaint is not supported by the record. Trans Union filed its answer on August 30, 2022, about a month before plaintiff's request for sanctions.[9] [25]; *see* [28]. Further, it is unclear what the other "filing" is that plaintiff claims Trans Union failed to answer.

---

[7] Again, the parties improperly identified defendant as Chris Cartwright, rather than Trans Union. The court granted Defendant Trans Union's motion to join the motion to dismiss, which plaintiff did not oppose. *See* [23], [30], [40].

[8] Plaintiff does not identify which defendant's counsel plaintiff claims committed sanctionable conduct, and both Henn and Trans Union filed responses to plaintiff's motion. *See* [32] (Trans Union's response); [35] (Henn's response). While the court acknowledges Henn's response, [35], the only defendant that appears to have engaged plaintiff in discovery is Trans Union. Thus, the court construes plaintiff's motion as against Trans Union.

[9] Again, the court granted a motion substituting Trans Union, LLC for Chris Cartwright. [40].

6

Plaintiff does not specify any docket entry. Upon review of the docket, the court does not see a filing that Trans Union ignored.

Second, plaintiff's argument that Trans Union improperly initiated discovery while the motion to dismiss was pending is unpersuasive. Although courts may limit discovery when a defendant files a motion to dismiss, "the mere filing of such a motion does not automatically stay discovery, nor does it mean that a court will automatically grant a stay simply because the defendant asks for one." *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05-cv-6673, 2007 WL 3256848, at *1 (N.D. Ill. Nov. 1, 2007). The court did not limit discovery in connection with the motion to dismiss here, and Trans Union's initiation of discovery was entirely proper.

Last, plaintiff argues that Trans Union attempted to intimidate him by overloading him with paperwork. Rule 26(b)(1) requires that discovery be proportional to the needs of the case, and a failure to abide by this rule can result in sanctions. *Rustom v. Rustom*, No. 17-cv-9061, 2018 WL 2423508, at *5 (N.D. Ill. May 29, 2018). But here, there is no indication that the discovery requests were disproportionate to the needs of the case. To the contrary, Trans Union contends that all it requested from plaintiff was "basic information about Plaintiff's claims against Trans Union and his purported damages." [32] at 2. And all Trans Union's counsel sent appears to be standard discovery requests. [28] at 4 (interrogatories, a request for production, requests for admission, and initial disclosures). Plaintiff appears to argue that *any* discovery requests would be disproportionate. *Id.* at 2 ("To demand information from family, associates, and others in this case or to force plaintiff to answer questions that can be devised as misleading is unethical and this Court should intervene.").[10] But given the paucity of factual allegations in plaintiff's complaint, and the fact that the requests are standard types of discovery requests seeking basic information about plaintiff's claims, the requests were proportionate to the needs of the case. Plaintiff's request for sanctions is completely baseless.

### B. Attorney Representation

Plaintiff moves for attorney representation. Plaintiff has requested counsel before. *See* [7] (order denying first request); [27] at 5 (requesting counsel); [28] at 2 (requesting counsel); [34] at 2 (requesting counsel).

---

[10] There is no indication that Trans Union sought information from anyone aside from plaintiff.

"There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the court may request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the court utilizes a two-step analysis, asking: (1) whether the plaintiff has made a reasonable attempt to retain counsel on his own or been effectively precluded from doing so; and, if so, (2) whether given the factual and legal complexity of the case, the plaintiff appears competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). The analysis does not focus solely on plaintiff's ability to try the case, but it also takes into consideration his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (per curiam). Factors to be considered include: (1) the stage of litigation, *Walker v. Price*, 900 F.3d 933, 938–39 (7th Cir. 2018); (2) plaintiff's submissions to date, *Olson*, 750 F.3d at 712; (3) plaintiff's physical and mental health, *id.*; (4) plaintiff's education level, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; and (5) the complexity of the case, *id.* at 655–56. Courts may also decide "whether to recruit counsel under 28 U.S.C. § 1915(e)(1) based, in part, on . . . assessments of a litigant's prospect of prevailing." *Watts v. Kidman*, 42 F.4th 755, 758 (7th Cir. 2022).

After considering the factors above, the court concludes that court-appointed counsel is not warranted at this time. Plaintiff argues that he should be appointed counsel because he lacks legal experience and defendants have more resources. [27] at 5. But on the first step of the *Pruitt* analysis, plaintiff provides no indication that he made an effort to retain counsel or that he has been precluded from doing so. *See Moore v. Dart*, No. 15-cv-6250, 2015 WL 5025468, at *4 (N.D. Ill. Aug. 20, 2015). Next, on the second step, "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff." *Pruitt*, 503 F.3d at 655. "Rather, the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* At this stage in the litigation, there is nothing to indicate that plaintiff is incapable of proceeding on his own. Plaintiff's filings are cogent and show that he is capable of proceeding without court-appointed counsel. Accordingly, plaintiff's renewed motion for attorney representation is denied without prejudice. If this case progresses, plaintiff may renew his request for attorney representation for consideration in light of the circumstances at the time.

## CONCLUSION

Henn's motion to dismiss [20] is granted. Plaintiff's complaint is dismissed without prejudice for failure to state a claim. "Generally, if a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem . . . ." *Bausch v. Stryker Corp.*, 630 F.3d 546,

562 (7th Cir. 2010). If plaintiff believes he can address the issues identified in this order, plaintiff may submit an amended complaint by April 22, 2024. Plaintiff's request for emergency judicial intervention [28] is denied. If plaintiff has questions about proceeding *pro se* or searching for an attorney, plaintiff may contact the Hibbler Help Desk, which can be reached at (312) 702-8825, or by navigating to www.ilnd.uscourts.gov and clicking on the link, "Information for People Without Lawyers."

Dated: March 22, 2024 /s/ Martha M. Pacold